UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN VERNON JONES,

        Plaintiff,

v.

        CASE NO. 2:18-cv-11116

        HONORABLE SEAN F. COX

TRINITY FOOD SERVICE GROUP, *et al.,*

        Defendants.
_____/

**ORDER REJECTING PLAINTIFF'S OBJECTIONS TO THE
ORDER TRANSFERRING HIS CASE TO THE WESTERN DISTRICT OF MICHIGAN
AND
DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYING THE FEES AND COSTS FOR THIS ACTION**

**I. Introduction and Background**

On April 9, 2018, state prisoner Tremain Vernon Jones commenced this action by filing a *pro se* civil rights complaint for monetary, declaratory, and injunctive relief. *See* docket no. 1. Plaintiff is incarcerated at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The defendants are: Trinity Food Service Group of Florida; the Michigan Office of Administrative Hearings and Rules; the Michigan Department of Corrections; Corizon Medical Health Care Services, Inc., of Tennessee; and thirty-seven individuals employed by Trinity Food Service Group, the State of Michigan, or Corizon Medical Health Care Services, Inc. Plaintiff claimed that the defendants violated his constitutional rights while he was confined at URF.

During a preliminary review of the complaint, the Court concluded that the proper venue for Plaintiff's complaint was the United States District Court for the Western District

of Michigan. The cause of action arose in the Western District of Michigan, and all the individual defendants performed their official duties there. Accordingly, on May 22, 2018, the Court transferred Plaintiff's case to the federal district court in the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a). This matter is presently before the Court on Plaintiff's objections to the transfer and his application to proceed without prepayment of the fees and costs for this action.

Plaintiff contends that the Court erred when it concluded that the proper venue for his complaint is the Western District of Michigan. Plaintiff alleges that most of the individual defendants reside in various parts of Michigan and that some defendants reside in Wisconsin. Plaintiff also alleges that he was convicted in this District and that he will be released on parole to this District. Finally, Plaintiff contends that this Court can act as a neutral dispenser of justice and that no party will suffer any prejudice if the Court were to retain his case.

## II. Analysis

The United States Court of Appeals for the Sixth Circuit has stated that "inter-court transfers . . . are 'event[s] of jurisdictional significance,' " and that " '[j]urisdiction follows the file.' " *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (*per curiam*), and *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009)). This means "that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts." *Id.*; *accord Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002) ("Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court."); *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 n.1 (D.

N.J. 2002) ("It is black letter law that, '[w]hen a motion for transfer under 28 U.S.C.A. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court . . . lose[s] all jurisdiction over the case[] and may not proceed further with regard to it' ") (quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3846 (footnote omitted)). "A case is physically transferred as soon as the transferee court . . . dockets the case." *Jackson*, 800 F.3d at 261.

On May 22, 2018, this Court signed and docketed its order transferring Plaintiff's case to the Western District of Michigan. *See* docket no. 4. On May 23, 2018, the District Court in the Western District of Michigan opened the case as a new civil action. *See Jones v. Trinity Food Service Group, et al.*, No. 2:18-cv-00074, (W.D. Mich. May 23, 2018).

On May 27, 2018, Plaintiff signed and dated his objections to this Court's order transferring his case to the Western District of Michigan. By then, his case had been transferred to the Western District of Michigan and docketed there. This Court, therefore, no longer has jurisdiction over Plaintiff's case. Accordingly, the Court rejects Plaintiff's objections, docket no. 6, and denies his request to retain his complaint. Plaintiff may raise the issue of the proper venue for his complaint in the transferee court. The Court denies as moot Plaintiff's application to proceed *in forma pauperis*, docket no. 5, because the District Court in the Western District of Michigan has already granted a similar request, which was filed in that district.

Dated: September 24, 2018　　　　　　　　s/ Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　Sean F. Cox  
　　　　　　　　　　　　　　　　　　　　United States District Judge

I hereby certify that on September 24, 2018, the document above was served on counsel of record via electronic means and upon Tremain Vernon Jones via First Class Mail at the address below:

   Tremain Vernon Jones 412981
   CHIPPEWA CORRECTIONAL FACILITY
   4269 W. M-80
   KINCHELOE, MI 49784

                                              s/Jennifer McCoy
                                              Case Manager